

**NUMBER 13-09-00605-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**JOE ANGEL ESPARZA,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

---

**On appeal from the 24th District Court
of Calhoun County, Texas.**

---

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Yañez and Garza
### Memorandum Opinion by Justice Yañez

The trial court adjudicated appellant, Joe Angel Esparza, guilty of aggravated assault after finding he violated the terms of his deferred-adjudication community supervision.[1] By a single issue, appellant contends that the trial court abused its discretion

---

[1] *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5 (Vernon Supp. 2009).

in finding that he was in possession of cocaine and marihuana.  We affirm.

## I.  Background

In 2004, pursuant to a plea agreement, appellant pleaded guilty to aggravated assault, a second-degree felony.[2]  The trial court deferred adjudication and placed him on community supervision for seven years.[3]  In 2009, the State filed a "Petition to Adjudicate and Sentence," alleging in twelve paragraphs that appellant had violated conditions of his community supervision.[4]  Appellant pleaded "not true" to all of the State's allegations. Following a hearing, the trial court found the allegations in paragraphs 1, 2, 5, the second paragraph 4, the second paragraph 5, 6, 7, 8, 9, and 10 to be "true."  The trial court adjudicated appellant guilty of aggravated assault and sentenced him to seven years' imprisonment.

## II.  Standard of Review and Applicable Law

The trial court's decision to revoke a defendant's deferred adjudication community supervision is reviewed under an abuse of discretion standard.[5]  At a revocation hearing, the State bears the burden of proving by a preponderance of the evidence that the defendant violated the terms and conditions of his community supervision.[6]  Proof of any one of the alleged violations of the conditions of community supervision is sufficient to

---

[2] *See* TEX. PENAL CODE ANN. § 22.02(a), (b) (Vernon Supp. 2009).

[3] *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5.

[4] We note that the paragraphs in the Petition are misnumbered.  The sixth and seventh paragraphs are mistakenly titled, "Paragraph Four" and "Paragraph Five," respectively.

[5] *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006) (holding that appellate review of an order revoking community supervision is limited to determining whether the trial court abused its discretion).

[6] *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993).

support a revocation order.[7] At a revocation hearing, the trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony, and we must view the evidence in the light most favorable to the trial court's ruling.[8]

### III. Discussion

Appellant contends only that the trial court abused its discretion in finding that he was in possession of cocaine and marihuana. Paragraph One of the Petition to Adjudicate alleged that appellant intentionally possessed cocaine; Paragraph Two alleged he intentionally possessed marihuana.

We need not address appellant's arguments regarding paragraphs one and two, however, because appellant has not challenged the court's findings regarding paragraphs 5, the second Paragraph 4, the second Paragraph 5, 6, 7, 8, 9, and 10.[9] Because these findings are unchallenged, and any one finding is sufficient to sustain the adjudication, the trial court did not abuse its discretion in revoking appellant's community supervision and adjudicating him guilty.[10]

---

[7] *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980); *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. 1980).

[8] *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981).

[9] Paragraph 5 and the second Paragraph 4 alleged that appellant associated with persons who were on felony probation; the second Paragraph 5 alleged appellant changed his place of residence without permission; Paragraph 6 alleged various periods in which appellant failed to report; Paragraph 7 alleged he violated the terms of his curfew without permission; and Paragraphs 8, 9, and 10 alleged he failed to pay supervision fees, court costs, and monthly restitution as ordered, respectively. The State presented the testimony of Stacy Murray, who supervised appellant's community supervision. Murray testified as to the allegations in Paragraph 5, the second Paragraph 4, the second Paragraph 5, and Paragraphs 6 through 10.

[10] *See Smith v. State*, 286 S.W.3d 333, 343-44 (Tex. Crim. App. 2009) (finding that the trial court was justified in revoking appellant's deferred-adjudication community supervision where trial court found appellant violated three of four violations alleged, and appellant challenged only one ground); *see also Gobell v. State*, 528 S.W.2d 223, 224 (Tex. Crim. App. 1975) ("Since the other finding upon which probation was revoked is unchallenged, appellant's contention, even if correct, would not show an abuse of discretion.").

## IV. Conclusion

We overrule appellant's sole issue and affirm the trial court's judgment.


LINDA REYNA YAÑEZ,
Justice


Do not publish.
TEX. R. APP. P. 47.2(b).
Delivered and filed the
27th day of August, 2010.

4